### 3812.  LUNSFORD *v.* MILLEDGEVILLE COTTON CO.

No material error of law appears, and the verdict is fully supported by the evidence.

DECIDED APRIL 16, 1912.

Action on contract; from city court of Covington—Judge Whaley. October 16, 1911.

*R. W. Milner, C. C. King,* for plaintiff in error.

*Rogers & Knox, Hines & Vinson,* contra.

HILL, C. J.  The Milledgeville Cotton Company sued C. C. Lunsford, to recover damages for an alleged breach of contract in writing; a verdict was returned in favor of the plaintiff, and the defendant's motion for a new trial was overruled. The contract sued upon is as follows: "Georgia, Newton County. August 28, 1909. This agreement made this day, by and between C. C. Lunsford and the Milledgeville Cotton Company, of Milledgeville, Ga., witnesseth: That the said C. C. Lunsford, for and in consideration of the sum of one dollar ($1) to him in hand paid by the said Milledgeville Cotton Company, of Milledgeville, Ga., receipt of which is hereby acknowledged, has this day sold and agreed to deliver to the said Milledgeville Cotton Company, of Milledge-

ville, Ga., between the first day of October and November 20th, at Mansfield, Ga., seventy-five bales of cotton, in good merchantable condition, to average five hundred (500) pounds per bale, and the said C. C. Lunsford shall accept for said cotton the sum of 12 cents per pound for all cotton grading Liverpool good middling. In case any or all portions of the cotton shall be graded above Liverpool good middling, 1/8 cents per pound shall be added to the price stipulated to be paid for Liverpool good middling cotton. In case all or any portion shall grade below Liverpool good middling cotton, the difference to be taken off shall be according to the rates posted on the Savannah Cotton Exchange the day previous to the date of delivery. It is agreed that the cotton to be delivered can be of any grade from Liverpool good middling to American low middling inclusive, and if tinged, not below middling tinged, and if stained, not below middling stained. In case the said C. C. Lunsford should dispose of any part of his crop before the contract is filled, then the entire number of bales due under this contract shall become due. It is further expressly understood and agreed to that time is the essence of this contract, and that the cotton is to be delivered strictly within the time herein mentioned. Should both parties to this contract not agree as to the grades of the cotton to be delivered on this contract, and friendly settlement should be out of the question, then both, either the seller or the Milledgeville Cotton Company, shall have the right to leave the settlement of the disagreement to the New York Cotton Exchange, and both, either the seller or the Milledgeville Cotton Company, shall abide by the decision of the arbitration committee of the New York Cotton. Exchange. All expenses caused by such arbitration shall be borne by the loser. This contract is executed in duplicate. Witness our hands and seals this the 28th day of August, 1909. Milledgeville Cotton Company, per R. L. Wall [Seal]. C. C. Lunsford [Seal]. Witness, J. W. Henderson."

It was alleged that this contract had been breached by the defendant, resulting in damage to the plaintiff in the sum of $937.50, being the difference between the price at which the defendant had agreed to sell the cotton, and the market price of the cotton at the place where it was to be delivered, on the day it was to be delivered. On the trial the defendant admitted in judicio that he

had signed in duplicate the contract sued upon; that he had never complied with the contract; that the price of the cotton was as alleged in plaintiffs' petition, and that the number of bales sued for was correct. The defense relied upon was that the contract had never become binding, by reason of the non-execution thereof on the part of the plaintiff; that the plaintiff had never signed the same, and that the defendant had never received any duplicate of the contract as agreed, or any notice of the acceptance thereof by the plaintiff. It is admitted that if the contract was signed by the plaintiff, it was a valid contract, binding the plaintiff to buy and the defendant to sell to it seventy-five bales of cotton, but it is insisted that the consideration of one dollar, recited in the contract to have been paid by the plaintiff to the defendant, was never paid and never received, and the contract was never mutually binding, because the plaintiff either had not signed it at all, or had unreasonably delayed signing it.

While there is some conflict in the evidence, the verdict establishes the following facts as the truth of the transaction: The contract in question was procured by one Henderson (who seems to have been a cotton broker) at the instance of Lunsford, the defendant. Lunsford first signed the contract and delivered it to Henderson, who sent it to the Milledgeville Cotton Company, the plaintiff, and he received it back from the plaintiff in a week's time, properly signed, and it was held by him for Lunsford and subject to his order. The one dollar recited as part consideration in the contract was paid by the Milledgeville Cotton Company to Henderson for Lunsford, and Henderson offered the dollar to Lunsford, who refused it, on the ground that he did not care for it. One bale of cotton was delivered by the agent of Lunsford, on this contract, to Henderson for the Milledgeville Cotton Company. This evidence, in connection with the admissions heretofore recited, clearly establishes the correctness of the verdict in favor of the plaintiff, so far as the general grounds of the motion for a new trial are concerned.

Several special assignments of error are made in the amended motion for a new trial, based upon rulings as to the admissibility of testimony and upon instructions to the jury. We have given these assignments careful consideration, and find that they are without merit. Indeed, we are clear that the verdict for the

plaintiff is not only supported by the evidence, but that no other verdict would have been authorized; and for this reason the assignments of error made in the amended motion are immaterial.

*Judgment affirmed.*